IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-61156
Summary Calendar

MARIA A RODRIGUEZ

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 702 315

Before WIENER,  BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Maria A. Rodriguez petitions for review of the Board of Immigration Appeals' order affirming the Immigration Judge's (IJ) denial of her request for a continuance.  Rodriguez sought a continuance of her removal proceedings because a visa would soon be available and she would be eligible for an adjustment of status based on her approved I-130 petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the IJ's decision because the BIA affirmed without opinion. Thuri v. Ashcroft, 380 F.3d 788, 791 (5th Cir. 2004). The grant of a motion to continue lies within the sound discretion of the IJ, who may grant the motion for good cause shown. Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997); see 8 C.F.R. § 1003.29. The Attorney General may adjust an alien's status "if – (A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed." 8 U.S.C. § 1255(i)(2).

Although Rodriguez concedes that a visa is not immediately available, she asserts that the IJ should have granted the continuance because her visa would be available soon. Rodriguez, however, could not specify a time in which the visa would become available. In light of Rodriguez's inability to advise the IJ of an availability date, she cannot establish good cause warranting a continuance. See Witter, 113 F.3d at 555-56 (finding no abuse of discretion in denial of request for continuance while state criminal charges were pending, as alien could not say when the proceedings might be completed and counsel indicated the continuance might be lengthy); see also Bright v. INS, 837 F.2d 1330, 1332 (5th Cir 1988) (holding that the IJ did not abuse his discretion in refusing to grant an indefinite continuance). Accordingly, the IJ did not abuse his discretion in denying Rodriguez's motion for a continuance.

Rodriguez requests that we take judicial notice of the visa bulletins for April 2007 and December 1995. We are required to consider the issues raised in a petition for review "only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A).

PETITION FOR REVIEW DENIED.