# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2008

Charles R. Fulbruge III
Clerk

No. 06-60830
Summary Calendar

HE LIN

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 782 530

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

He Lin, a native and citizen of China, has filed a pro se petition for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen removal proceedings as time- and number-barred. Lin specifically contends that he should be permitted to file a new asylum application pursuant to INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D), which provides an exception to the one-year filing deadline for asylum applications.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This provision governs asylum applications only and is not applicable to the reopening of removal proceedings. INA § 208(a)(2)(D), 8 U.S.C.§ 1158(a)(2)(D). Rather, 8 C.F.R. § 1003.2(c)(3)(ii) expressly applies to aliens under final orders of removal seeking to apply or reapply for asylum. The BIA did not abuse its discretion in finding that Lin could not avail himself of INA § 208(a)(2)(D) because the provision does not apply to aliens under final orders of removal. See Alaska Dep't of Envtl. Conservation v. EPA, 540 U.S. 461, 489 & n. 13 (2004).

Because Lin does not assert that the BIA abused its discretion in finding that he did not meet the time and number limitation exceptions outlined in 8 C.F.R. § 1003.2(c)(3)(ii), we decline to consider the issue. See Thuri v. Ashcroft, 380 F.3d 788, 793 (5th Cir. 2004).. Accordingly, Lin's petition for review is DENIED.