**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-60036
Summary Calendar

ALVARO E LEON,

Petitioner

v.

ERIC H. HOLDER, JR., US ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 674 750

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alvaro E. Leon, petitions for review of a final order of removal of the Board of Immigration Appeals (BIA) that adopted and affirmed the determination that he was removable because he remained in the United States without authorization and because his prior conviction for attempted indecency with a child was a crime involving moral turpitude and an aggravated felony. An immigration judge (IJ) further determined that, because of his prior conviction,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Leon was statutorily ineligible for cancellation of removal, special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act (NACARA), asylum, and voluntary departure. The IJ also denied Leon's requests for withholding of removal and relief under the Convention Against Torture (CAT) on the ground that he failed to satisfy the standards for obtaining relief.

Leon does not address the IJ's determination that he was statutorily ineligible for cancellation of removal, special rule cancellation of removal under NACARA, asylum, and voluntary departure because of his prior aggravated felony conviction, or challenge the IJ's denial of CAT relief. Moreover, he did not raise these claims before the BIA. Accordingly, he has waived them. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Leon argues that the IJ and the BIA erroneously denied his claim for withholding of removal because he demonstrated past persecution and a well-founded fear of persecution in El Salvador. He argues that his testimony established that he was a member of a particular social group and that he was, and would be, specifically targeted for persecution if he returned to El Salvador.

This court generally lacks jurisdiction to review a final order of removal of an alien, such as Leon, who has been convicted of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). However, the court retains jurisdiction over constitutional claims or questions of law. § 1252(a)(2)(D); *see Rodriguez-Castro v. Gonzales*, 427 F.3d 316, 319 (5th Cir. 2005). Leon's arguments do not raise questions of law or constitutional claims. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Accordingly, there is no jurisdiction to review Leon's withholding of removal claim. *See* § 1252(a)(2)(C). Because we lack jurisdiction over the final order of removal, the petition for review is DISMISSED.