**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2010

Charles R. Fulbruge III
Clerk

No. 09-60002
Summary Calendar

ANGEL ESPINAL,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A72 521 308

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Angel Espinal, a native and citizen of Bolivia, petitions for review of an

order of the Board of Immigration Appeals ("BIA"). In his petition, Espinal as-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

serts that he is challenging the BIA's denial of his motion to reconsider the order of the immigration judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. In his supporting brief, however, Espinal argues that the IJ erred in holding that he had failed to satisfy the evidentiary burden for the relief sought and that the IJ used an improper standard of review.

The government contends that the petition for review is timely only as to the denial of the motion for reconsideration. Because Espinal's petition for review was not filed within thirty days of the BIA's affirmance of the IJ's decision, his petition for review must be dismissed as to those rulings for lack of jursidiction. *See* 8 U.S.C. § 1252(b)(1); *Bowles v. Russell*, 551 U.S. 205, 213 (2007)*; Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

Although the petition for review is timely as to the denial of the motion for reconsideration, Espinal does not make any argument concerning the BIA's finding that he had failed to provide either additional legal arguments or new evidence, not included in his asylum application or prior testimony, upon which to persuade the BIA to reconsider or reopen the case. Accordingly, he has abandoned any challenge to that aspect of the BIA's ruling. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004). The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.