# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2010

Charles R. Fulbruge III
Clerk

No. 09-60436
Summary Calendar

JING LIANG,

Petitioner

v.

ERIC H. HOLDER, JR.; U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 077-776-985

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jing Liang has petitioned for review of the decision of the Board of Immigration Appeals (BIA) denying her untimely motion to reopen removal proceedings. This court applies a highly deferential abuse of discretion standard when reviewing the BIA's denial of a motion to reopen. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Liang asserts that her untimely filing should be excused because of changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1003.2(c)(2).  The time limit on the filing of a motion to reopen does not apply if, inter alia, the motion is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding."  § 1229a(c)(7)(C)(ii); § 1003.2(c)(3)(ii); *Zhao*, 404 F.3d at 304.

Liang makes no argument with respect to the BIA's conclusion that official documents submitted by her from the Peoples Republic of China were not authenticated properly.  Liang has, therefore, waived review of that conclusion. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).  Liang's remaining submissions do not show that, if Liang returns to China, she will be subject to persecution because of changed country conditions. *See* § 1229a(c)(7)(C)(ii).  The BIA did not abuse its discretion by denying her motion to reopen. *See Zhao*, 404 F.3d at 303.  The petition for review is

DENIED.