# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2011

No. 10-60119
Summary Calendar

Lyle W. Cayce
Clerk

IMERI LULZIM,

Petitioner

v.

ERIC H. HOLDER, JR. U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088173269

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Imeri Lulzim, (Imeri), a citizen of Yugoslavia, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He based his applications on his persecution for being a member of a social group comprising those persons living in Kosovo who were not of pure Albanian descent. On appeal, Imeri does not challenge the denial of his application for CAT relief so this claim is abandoned. *See Thuri v. Ashcroft,* 380 F.3d 788, 793 (5th Cir. 2004).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Imeri's applications for asylum and withholding of removal were denied based on the determination that the conduct he described in his testimony and narrative statement did not rise to the level of persecution. We review the factual findings of the immigration court for substantial evidence, and we review legal issues de novo. *Zhu v. Gonzales,* 493 F.3d 588, 593-94 (5th Cir. 2007). In our review of factual rulings, we must determine "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotations and citation omitted).

Although morally reprehensible, the intermittent incidents of threats and harassment by armed masked men described in detail by Imeri did not produce any physical harm to him or result in his significant detention or imprisonment. His testimony does not reflect that those persons engaged in extreme conduct that deprived him of the essentials of life. *Abdel-Masieh v. INS,* 73 F.3d 579, 583 (5th Cir. 1996). Thus, the evidence presented by Imeri is not so compelling as to mandate a finding contrary to the conclusion that he was not subjected to persecution. *See Eduard v. Ashcroft*, 379 F3d 182, 187 n.4 (5th Cir. 2004).

Because Imeri failed to carry his burden of showing past persecution, a presumption of a well-founded fear of future persecution does not arise. *See* 8 C.F.R. § 1208.13(b)(1). Thus, the evidence does not support a determination that the case should be remanded for consideration whether the government rebutted the presumption that Imeri possesses a reasonable fear of future persecution.

Imeri makes a brief argument that a showing of past persecution may give rise to eligibility for withholding of removal. To demonstrate entitlement to withholding of removal, a petitioner must establish a clear probability of persecution. *Chen*, 470 F.3d at 1138. As this is a higher burden than for asylum, a petitioner's failure to establish entitlement to asylum necessarily defeats a claim for withholding of removal on the same grounds. *Id*. Because Imeri has not shown either persecution or a well founded fear of persecution, as

is necessary to obtain asylum, he has not shown a "clear probability" of persecution as is required by the more stringent standard for withholding of removal. *Id.* The evidence presented by Imeri does not compel a determination that he is entitled to withholding of removal.

As the decision of the BIA is supported by substantial evidence in the recordhe, Imeri's petition for review is DENIED.