# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2012

Lyle W. Cayce
Clerk

No. 11-60265
Summary Calendar

VIVIANE TIWA MEJOGUEFAC SONKENG; PATRICE NGALLA NDEMA,

Petitioners

v.

ERIC H. HOLDER, JR.; U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 258 805
BIA No. A088 258 806

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioners Viviane Tiwa Mejoguefac Sonkeng and her husband Patrice Ngalla Ndema, natives and citizens of Cameroon, petition this court for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal of the Immigration Judge's (IJ) denial of their application for asylum and withholding of removal. The petitioners contend that the IJ's and BIA's adverse credibility determination is not supported by substantial evidence and that the record

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

compels a conclusion that Sonkeng met the burden of proof necessary to establish eligibility for asylum and withholding of removal. According to the petitioners, Sonkeng presented a compelling and well-corroborated account of persecution due to her political activities and membership in the Social Democratic Front (SDF), and the BIA erred in failing to consider all of the corroborating evidence in support of their application.

Generally, we review the decision of the BIA and will only consider the IJ's underlying decision if it influenced the BIA's determination. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). Because the BIA approved of and relied upon the IJ's adverse credibility determination, we may review the IJ's decision. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

Contrary to the petitioners' contention, the IJ and BIA identified specific and cogent reasons for the adverse credibility determination. Although it is questionable whether Sonkeng's testimony regarding her arrest history was inconsistent with the statement made in her visa application and whether Sonkeng submitted her most current SDF membership card, the record supports the IJ's and BIA's determination that Sonkeng's testimony regarding the date she ceased attending school was inconsistent with the statement made in her asylum application. The record also provides that Sonkeng resided in Germany for over four years without seeking asylum protection from the German government, that Sonkeng voluntarily returned to Cameroon for a over a month-long stay in 2002, and that despite her fugitive status, Sonkeng was able to obtain a valid passport and student visa under her legal name, pass through Cameroonian security at the airport, and board a plane to Germany without incident. Although the petitioners presented some corroborating evidence in support of their asylum and withholding of removal claims and provided explanations for the discrepancies, omissions, and implausibilities noted by the IJ and BIA, we do not substitute our judgment for that of the IJ or BIA with

respect to factual findings based on credibility determinations. *See Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). The record does not compel a determination that Sonkeng was credible, and the totality of the circumstances does not suggest that no reasonable factfinder could have made the adverse credibility ruling. *See id.* at 538-40 (upholding the IJ's adverse credibility finding because nothing in the record compelled belief in the applicant's story). Accordingly, we defer to the IJ's and BIA's adverse credibility determination, and the petitioners' petition for review is DENIED. Because the petitioners do not challenge the BIA's dismissal of their claims for relief under the Convention Against Torture and voluntary departure, these issues are waived. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).