**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 13, 2012

Lyle W. Cayce
Clerk

No. 11-60711
Summary Calendar

ZHONG LIANG CHEN,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 066 922

Before  HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Zhong Liang Chen, a native and citizen of China, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his application for withholding of removal and for relief under the Convention Against Torture (CAT).  Because the BIA approved of and relied upon the IJ's decision, we review the decisions of both the BIA and the IJ.  *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chen argues that the BIA erred in denying his application for withholding of removal. We review that denial for substantial evidence, reversing only if the evidence compels a contrary conclusion. *Id.* We find that the BIA's determination that Chen did not suffer past persecution and does not harbor a well-founded fear of future persecution based on an enumerated ground is supported by substantial evidence. Taking all of his statements as true, the BIA concluded that the enumerated incidents, which occurred during Chen's schooling, did not rise to the level of persecution. We agree that Chen has not shown that the evidence compels a contrary determination. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Turning to relief under the CAT, Chen argues that the BIA erred in denying his application. "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). To obtain relief under the CAT, an applicant must show that it is "more likely than not" that he would be tortured if returned to his home country. 8 C.F.R. § 208.16(c)(2); *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005). Chen's testimony did not show that it is more likely than not that the Chinese government and its officials, acting in their official capacity, would torture him or acquiesce in his torture.

Chen does not argue any error with respect to the BIA's denial of his application for asylum. Accordingly, he has waived review of any issue related to the denial of his asylum application. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

The petition for review of the denial of withholding of removal and protection under the CAT is DENIED.