# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———

No. 14-60141

———

UMAR AKHTAR NAQVI,

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2015

Petitioner

Lyle W. Cayce
Clerk

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 091 641

———

Before JONES and HAYNES, Circuit Judges, and CRONE[*], District Judge.

PER CURIAM:[**]

Umar Akhtar Naqvi, a native and citizen of Pakistan, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial of his applications for asylum, withholding of removal, and

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60141

protection under the Convention Against Torture (CAT) and dismissing his appeal. For the following reasons, we **DENY** the petition.[1]

In January 2008, Naqvi, a banker in Karachi, denied a loan to two men who, unknown to Naqvi at the time, were members of the Pakistani Taliban. These men at first attempted to bribe Naqvi. When that was unsuccessful, they resorted to more direct measures: intimidation, assault, and murder. The Taliban men and their agents beat Naqvi on several occasions, threw his pregnant wife to the ground (she later miscarried), and murdered his brother-in-law. On most occasions, the police either demanded to be bribed or refused to file reports. Following the murder, which many witnessed and the news reported, the police did file a report; no one was apprehended. Naqvi and his wife visited the United States in 2009, during which time their child was born. After the Naqvi family returned to Pakistan, the threats resumed. The Taliban men knew that Naqvi had an American child, an offense that they told him justified death. Naqvi left Pakistan in June 2011 for the United States and his family joined him a few months later.

In December of the same year, the United States served Naqvi with a Notice to Appear in Removal Proceedings, alleging that Naqvi had overstayed his visitor's visa. At a hearing before an Immigration Judge (IJ), Naqvi conceded his removability and asked for asylum or relief under the Convention Against Torture (CAT). The IJ found Naqvi to be removable and rejected his asylum request, finding that he had failed to establish that he was at risk of harm based on his political opinion or any other protected status. Naqvi also failed to convince the IJ that the government of Pakistan participated in or acquiesced in his persecution, as required by the CAT. Naqvi requested

---

[1] The BIA also denied a motion by Naqvi that was construed as a motion to remand. Naqvi does not challenge the denial of that motion in his petition for review and has thus waived the issue. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

rehearing and appealed that decision.  The BIA affirmed, agreeing with the IJ that Naqvi had not met his burden of establishing that one central reason for the harm he feared was due to a protected category such as political opinion. Naqvi filed a timely petition for review in this court.

Generally, this court reviews only the final decision of the BIA.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  When, as in the present case, the BIA's decision is affected by the IJ's ruling, however, this court also reviews the IJ's decision.  *Id.*  The determination that an alien is not eligible for asylum, withholding of removal, or relief under the CAT is a factual one reviewed under the substantial evidence standard.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Under this standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it."  *Id.* (internal quotation marks and citation omitted).

A refugee can seek asylum in the United States "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."   8 U.S.C. § 1101(a)(42)(A).  Naqvi argues that the BIA erred in determining that he had not established his eligibility for asylum based on his political opinion.  The IJ found that Naqvi was in jeopardy "due to his refusal as a bank employee to grant [the Taliban] an illicit business loan, and not due to any actual or imputed political opinion held by [Naqvi]."  In response, Naqvi points to his testimony, which the IJ found to be credible, that a terrorist group harmed him on four occasions between February 2008 and June 2009 because he did not support the group's political agenda.  Although Naqvi's testimony could support his claim to asylum, it does not compel a finding contrary to that of the BIA in light of the substantial evidence that the harm caused to Naqvi was primarily motivated by the group's anger that Naqvi had failed to approve its

bank loan application. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013); *Zhang*, 432 F.3d at 344.

In his petition for review, Naqvi argues that asylum is appropriate when the persecutors attribute—even falsely—political opinions to the asylum seeker. *See Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000) ("An applicant can also establish persecution on account of imputed political opinion . . . ."). Even if that is true, the fact that the group expressed to Naqvi in September 2010 and again in June 2011 that it wanted to kill him because Naqvi had a child born in this country speaks to that group's own political agenda and anti-American sentiment rather than to any political opinion that Naqvi may have held, and it is thus irrelevant to the inquiry here. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). His assertion that "the threat is obviously politically-oriented" misstates the requirement: an asylum seeker is required to show that *his* politics are the reason he is at risk, not that his potential assailants have political motives. Naqvi points to only one incident in which the Taliban men commented on his politics, rather than expressing their own ideology. This is when one of the men was chasing him by car, stating "you have a U.S. national, you do not like our politics." This one incident is not enough to compel a conclusion contrary to that of the BIA.

Accordingly, the record does not compel the conclusion that Naqvi is entitled to asylum. *See Zhang*, 432 F.3d at 344. Because Naqvi cannot demonstrate that he is eligible for asylum, he also cannot show that he meets the higher standard for withholding of deportation. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

To qualify for CAT relief, Naqvi is required to show that the harm he fears will be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."

No. 14-60141

8 C.F.R. § 208.18; *see also Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002). Naqvi points to his statement that the Pakistani police had refused to write a report on three occasions following his encounters with members of the extremist group, and he challenges the IJ's finding that he had not made any claim that the Pakistani government had acquiesced in his injury by that group. This, however, is the same argument and the same evidence that the BIA rejected.

In his brief here, Naqvi simply (and cursorily) recites the evidence and urges this court to come to a different conclusion. A party is required to brief his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" Fed. R. App. P. 28(a)(8)(A). Naqvi, falling well short of this standard, has abandoned his CAT claim. *See United States v. Lindell*, 881 F.2d 1313, 1325 (5th Cir. 1989) (treating as abandoned "several points of error that [were] not properly argued in [party's] brief"); *see also Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (holding that a petitioner abandoned her CAT claim for failure to raise it in her petition for review).

In light of the foregoing, Naqvi's petition for review of the BIA's order dismissing his appeal is **DENIED**.