# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60598
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2015

Lyle W. Cayce
Clerk

RAUL PRASAI,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 358 912

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raul Prasai, a citizen of Nepal, petitions for review of the decision of the Board of Immigration Appeals (BIA), dismissing his appeal from the immigration judge's (IJ's) decision denying his application for withholding of removal. Although Prasai also filed applications for asylum and relief under the Convention Against Torture, his brief does not raise any cognizable contentions of error with respect to the denial of those applications.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60598

Accordingly, they are deemed waived. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Where, as here, the BIA issues its own opinion, agreeing with the IJ's decision and emphasizing particular aspects of that reasoning, this court reviews the IJ's decision to the extent that it impacted the BIA's decision. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We may not reverse an immigration court's factual findings unless the evidence is "so compelling that no reasonable factfinder could conclude against it." *Id.* at 537.

Under the REAL ID Act, an alien may sustain his burden of proof without corroboration, however, his testimony must be credible, persuasive, and refer to specific facts sufficient to demonstrate eligibility for relief. 8 U.S.C. § 1158(b)(1)(B)(ii). A trier of fact may base a credibility determination on (1) the consistency between the applicant's written and oral statements, (2) the internal consistency of each such statement, (3) the consistency of such statements with other evidence, and (4) the inaccuracies or falsehoods in such statements, without regard to whether an inconsistency goes to the heart of the applicant's claim. *See* § 1158(b)(1)(B)(ii)-(iii)). This court will defer to the agency's adverse credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted). Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Prasai argues that the BIA's adverse credibility determination was erroneous and that the inconsistencies cited by the IJ resulted from aggressive and rushed questioning. However, he does not cite any specific instance wherein the IJ's actions caused him to be vague and hesitant, nor has he shown

No. 14-60598

how any of the inconsistencies cited by the IJ were attributable to aggressive questioning.     Further, he has made no showing that the inconsistencies and discrepancies found by the IJ and cited by the BIA were erroneous.     He thus has not met his burden of showing that the record compels us to reverse the IJ's adverse credibility determination.     *See Zhang*, 432 F.3d at 344. Accordingly, the petition for review is DENIED.