# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60331
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2016

Lyle W. Cayce
Clerk

SARFARAJ MOMIN,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 941 469

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Sarfaraj Momin, a native and citizen of India, has filed a petition for review of the Board of Immigration Appeals' (BIA) order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Because the BIA affirmed the findings and conclusions of the Immigration Judge (IJ), we review both decisions. *Zhu v. Gonzales*, 493 F.3d

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60331

588, 593-94 (5th Cir. 2007).  We review an immigration court's findings of fact for substantial evidence.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  We may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Id.* at 537.

Momin does not argue that the IJ or the BIA erred in determining that he had not shown past persecution.  By failing to brief this issue, Momin has waived or abandoned it.  *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).  He does argue that the IJ and BIA erred in determining that he had not established a well-founded fear of persecution if he returned to India.  Momin argues that he has a well-founded fear of persecution as a Muslim and that a pattern or practice of persecution exists in India against Muslims.  He argues that his testimony and exhibits established that there is a country-wide pattern of persecution against Muslims and that the government is involved.  He contends that the evidence showed that the violence is not concentrated in one particular area but is widespread throughout India, making it very difficult for him to relocate to a safe area.

Substantial evidence supports the IJ's and the BIA's finding that Momin failed to demonstrate a pattern or practice of persecution in India against Muslims.  *See Wang*, 569 F.3d at 536.  The State Department Religious Freedom Report indicates that the Indian government generally respects religious freedom and practice and provides minorities with strong official legal protection.  Muslims are also the largest minority in India.  Although there are some instances of violence between religious groups, the State Department observes that the country's diverse religious groups generally live together peacefully.

No. 15-60331

Because he has not satisfied the standard for asylum, Momin cannot meet the more demanding standard for withholding of removal. *See Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006); *see also* 8 C.F.R. § 208.16(b)(2)(i)-(ii).

Momin also has not presented credible evidence showing that it is more likely than not that he will face torture if he is returned to India. As such, he has not shown eligibility for relief under the CAT. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006).

The petition for review is DENIED.