United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————————

No. 03-60391

——————————————

ANNIE NDUTA THURI

        Petitioner

v.

JOHN ASHCROFT, US ATTORNEY GENERAL

        Respondent

———————————————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals

———————————————————————————————————

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:

      Petitioner Annie Nduta Thuri seeks review of an order of the Board of Immigration Appeals, which summarily affirmed the Immigration Judge's decision ordering that Thuri be removed. Because we agree that Thuri is not eligible for asylum or withholding of removal, we deny the petition for review.

      Police officers in Thuri's native country of Kenya raped and physically abused Thuri after her father reported the officers to local authorities for hijacking a truckload of goods that he was driving. Fearing further abuse, Thuri fled Kenya in November 1999. While en route to the United Kingdom, she passed through Dallas, Texas. When she subsequently arrived in the U.K.,

1

British immigration authorities determined that she had passed through a safe third country (the United States) during her journey there.  Thuri was sent back to Dallas, where the INS detained her.

In February 2000, the government instituted removal proceedings against Thuri.  She admitted entering the country without proper documentation, as proscribed by § 212 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(7)(A)(i)(I), thereby conceding her inadmissibility and her removability.  Thuri sought asylum under INA § 208, 8 U.S.C. § 1158, which confers discretion on the Attorney General to grant asylum to "refugees."  8 U.S.C. § 1158(b)(1).  A refugee is an individual who is outside of her country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Id. § 1101(a)(42)(A).  In addition, Thuri requested withholding of removal under § 241 of the INA, 8 U.S.C. § 1231(b)(3)(A), which is available on similar grounds but requires a more stringent showing that the alien will probably be persecuted if removed to a certain country, see Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002).  Finally, Thuri applied for relief under Article 3 of the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, as implemented by 8 C.F.R. §§ 208.16-.18, which

2

relief is available to one who can demonstrate that she will probably be tortured in the country of removal. Id. § 208.16(c)(2).

In September 2000, the IJ denied Thuri's applications for asylum and withholding of removal and her request for relief under the Convention Against Torture. While the IJ found Thuri's testimony of the events surrounding her rape to be credible, he concluded that she should not be granted asylum or withholding of removal because she had not established that the officers persecuted her "on account of" any political opinion held by her or imputed to her. In the IJ's view, Thuri's rapists were criminals motivated by personal reasons unrelated to any political belief held by Thuri or her father. Further, the IJ rejected Thuri's claim under the Convention Against Torture because she had not shown that it is more likely than not that she will be tortured if she returns to Kenya.

The IJ ordered that Thuri be removed to Kenya. In April 2003, a single judge of the Board of Immigration Appeals affirmed without opinion, in accordance with 8 C.F.R. § 1003.1(e)(4). Thuri filed a petition for review of the BIA's final order under INA § 242(a), 8 U.S.C. § 1252(a) (providing for judicial review of orders of removal).

"Although this Court generally reviews decisions of the BIA, not immigration judges, it may review an immigration judge's decision when, as here, the BIA affirms without additional

3

explanation." Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003). "In either case, this Court must affirm the decision if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings." Id. Moreover, under INA § 242, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In Thuri's initial brief to this court, she contends that the IJ's determination that she was not persecuted "on account of . . . political opinion" is a legal conclusion, which this court should review de novo. This assertion is inaccurate. As a general matter, the determination that an alien is not eligible for consideration for asylum is a factual conclusion reviewed under the substantial-evidence standard. See Zamora-Morel v. INS, 905 F.2d 833, 838 (5th Cir. 1990); see also Ozdemir v. INS, 46 F.3d 6, 7-8 (5th Cir. 1994) (per curiam). Further, the more specific question whether an alien has demonstrated the requisite nexus between persecution and political opinion is a question of fact reviewed for substantial evidence. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350-51 (5th Cir. 2002).

In arguing to the contrary, Thuri cites the Ninth Circuit's decision in Hernandez-Montiel v. INS, 225 F.3d 1084 (9th Cir. 2000). But, there, the court only held that what constitutes "a particular social group" within the meaning of the definition of

4

a refugee in the INA is a question of law. <u>Id.</u> at 1091. By contrast, the <u>Hernandez-Montiel</u> court made clear that the issues of whether the alien is a member of that social group and whether he was persecuted on account of that membership are factual in nature. <u>Id.</u> at 1091, 1095-97.

Apparently conceding that substantial-evidence review is generally appropriate here, Thuri switches tactics in her response to the government's motion for summary denial. There, she contends that the IJ employed an erroneous legal standard in adjudicating her asylum application. According to Thuri, the IJ required her to prove that she was persecuted exclusively because of political belief. Instead, Thuri argues, she should be eligible for asylum if her persecutors were motivated, at least to some extent, by a political opinion held by her or imputed to her, even if the officers were also motivated by other, more personal reasons.

Thuri is correct that the "on account of" language in the INA's definition of a refugee, § 1101(a)(42)(A), only "requires the alien to prove <u>some</u> nexus between the persecution and the five protected grounds." <u>Ontunez-Tursios</u>, 303 F.3d at 349 (emphasis added); <u>accord</u> <u>Girma v. INS</u>, 283 F.3d 664, 667 (5th Cir. 2002) (per curiam). But, here, the IJ did not expect Thuri to prove that she was persecuted solely on account of political belief. Rather, he correctly stated that Thuri needed to "demonstrate <u>a</u> nexus to one of the five grounds" in the refugee

5

definition. (emphasis added). He further explained that "[i]f the evidence indicates <u>purely personal</u> motives, and <u>no link</u> to an actual or imputed political opinion or other recognized ground, the claim will fail." (emphasis added). The IJ concluded as follows:

> In the case at bar, the Court, after having reviewed the country conditions, reviewed the testimony of the respondent, [sic] the Court cannot find that the respondent has made <u>a</u> nexus connection to any ground enumerated in the act, particularly the ground that she asserts, imputed political belief. Her story is sad, that went through [sic] some suffering as a result of the actions by these rogue police officers, but this was <u>nothing more than</u> a criminal act. The respondent failed to show that these actions, taken against her or her father, were a result of any association with Democratic Party or the other parties that her relatives are members of. She was not raped because of such association and she has not suffered any punishment as a result of any belief, direct or imputed.

(emphasis added). And the IJ also stated that "there is <u>no</u> <u>indication</u> that the respondent was raped as a result of political opinion." (emphasis added). These portions of the IJ's opinion reveal that he did not improperly require Thuri to prove that her persecutors' sole motivation was a political opinion held by her or imputed to her, and Thuri fails to identify any statement of the IJ indicating to the contrary. Accordingly, we review the IJ's decision under the substantial-evidence standard.

Regarding the merits of her asylum claim, Thuri contends that this court should grant her petition for review because the evidence demonstrates some nexus between her persecution and a political opinion. For us to reject the IJ's conclusion that

6

Thuri was not persecuted on account of political opinion, the evidence presented by Thuri must have been so compelling that a reasonable factfinder could not fail to find that her persecutors were motivated, at least in part, by a political opinion held by her or imputed to her. See Ontunez-Tursios, 303 F.3d at 351; Girma, 283 F.3d at 667 ("The evidence presented . . . must compel a reasonable fact-finder to conclude that the harm suffered by an applicant was motivated, at least in part by, a protected ground."); see also § 1252(b)(4)(B).

The crux of Thuri's position is that she was persecuted because her father opposed institutional government corruption--which (in her view) constitutes the expression of a political opinion. By contrast, the IJ concluded, and the government contends, that the officers' retaliatory conduct was driven by a criminal, non-political motive to punish Thuri's father for reporting the hijacking. Thuri has not identified any decisions in this circuit that support her argument for refugee status. In addition, even if the two Ninth Circuit cases on which Thuri relies were binding precedent, it is not clear that the legal standards those decisions announce would apply to Thuri's case. See Grava v. INS, 205 F.3d 1177, 1181 & n.3 (9th Cir. 2000) (recognizing that "[p]urely personal retribution is, of course, not persecution on account of political opinion," but holding that "[w]hen the alleged [government] corruption is inextricably intertwined with governmental operation, the exposure and

7

prosecution of such an abuse of public trust is necessarily political"); Desir v. Ilchert, 840 F.2d 723, 727-29 (9th Cir. 1988) (concluding that refusal to comply with the extortionate demands of members of a government security force constitutes the expression of a political opinion where the refusal results in "classification and treatment as a subversive").

Before the IJ, Thuri presented evidence that criminal activity by members of the Kenyan police force is not unusual. But Thuri has not presented evidence that compels the conclusion that her father was opposing a government policy of hijacking, intimidation, and abuse. The IJ concluded that the persecution of Thuri was the result of "criminal" actions by "rogue police officers." Although one might disagree with the IJ's determination that the officers were motivated by purely personal reasons, we are not persuaded that a reasonable factfinder would be compelled to conclude to the contrary. Consequently, we uphold the IJ's finding that Thuri was not persecuted "on account of . . . political opinion," and we therefore agree that she does not qualify as a refugee under the INA.

The standard for withholding of removal under § 241 of the INA is similar to the standard for refugee status: The alien must demonstrate that she would be persecuted in the country of removal "because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Since Thuri has not established her

8

eligibility for consideration for asylum, she necessarily cannot succeed on her application for withholding of removal.  <u>Efe</u>, 293 F.3d at 906; <u>Girma</u>, 283 F.3d at 667; <u>Ozdemir</u>, 46 F.3d at 8.

Finally, we observe that Thuri has waived her claim for relief under Article 3 of the Convention Against Torture by failing to raise it in her petition for review.  <u>See, e.g.</u>, <u>Calderon-Ontiveros v. INS</u>, 809 F.2d 1050, 1052 (5th Cir. 1986); <u>see also</u> <u>Mediouni v. INS</u>, 314 F.3d 24, 28 n.5 (1st Cir. 2002) ("As [the petitioner] did not brief his claim under the Convention Against Torture on appeal, we consider the argument waived.").

Accordingly, we DENY the petition for review.