United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 04-60669
Summary Calendar

———————

DAO HUA LIN,

        Petitioner,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A16 057 494
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Dao Hua Lin, a native and citizen of People's Republic of China, petitions for review of an

order from the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision

to deny his application for asylum, withholding of removal under the Immigration and Nationality

Act, withholding of removal under the Convention Against Torture (CAT), and voluntary departure.

The IJ determined, among other things, that Lin's testimony was not credible. The BIA affirmed,

concluding that the IJ's credibility finding was not clearly erroneous.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lin argues that the adverse credibility finding is not supported by substantial evidence. Lin further contends that any inconsistencies in his testimony or application should not have been considered by the IJ because they concerned minor events that were not central to his claim that his wife's sterilization constituted past persecution. Lin also contests the IJ's determination that Lin's failure to provide the Government with the documents he planned to introduce into evidence before the day of the hearing weighed against his credibility and resulted in the documents being given "little weight." The IJ provided many cogent reasons for finding that Lin was not credible, and those reasons were amply supported by the record. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). The record thus does not compel a contrary credibility determination. See Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002).

Lin also contests the IJ's conclusions that Lin (1) came to the United States for monetary gain, (2) might have resettled in Korea, (3) did not show that he wished to have another child, and (4) did not prove that there was country-wide persecution. However, because these determinations concerning Lin's eligibility for relief did not impact the IJ's credibility determination, and because the IJ's credibility determination is supported by substantial evidence, we need not address them.

Lin does not challenge the determination that his asylum application was untimely, but even if he did, we lack jurisdiction to review that determination. See 8 U.S.C. § 1158(a)(2), (3). Lin also does not appeal the denial of relief under the CAT or the denial of voluntary departure. Therefore, those issues are waived. See Thuri v. Ashcroft, 380 F.3d 788, 793 (5th Cir. 2004).

Lin's petition for review of the BIA's order is DENIED.