United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61051
Summary Calendar

DANIEL GHEBREMARIAM WOLDU,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 881 271
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Daniel Ghebremariam Woldu, a native and citizen of Eritrea,
petitions this court for review of the Board of Immigration
Appeals' (BIA) decision affirming the Immigration Judge's (IJ)
denial of his application for asylum. Woldu contends that the
BIA's decision is not supported by substantial evidence because
he established past persecution and a well-founded fear of future
persecution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Woldu does not challenge the denial of his application for withholding of removal or relief under the Convention Against Torture. Therefore, these issues are waived. See Thuri v. Ashcroft, 380 F.3d 788, 793 (5th Cir. 2004). Further, the BIA's determination that Woldu failed to establish past persecution is supported by substantial evidence, and the record does not compel a contrary conclusion. See Mikhael v. INS, 115 F.3d 299, 304 (5th Cir. 1997).

However, in considering Woldu's well-founded fear of persecution claim, the IJ relied on Woldu's past treatment in Eritrea to support his determination that there was no basis for Woldu's alleged fear of future persecution. Further, the IJ and BIA failed to address relevant evidence presented by Woldu to support this claim. Therefore, the BIA's decision fails to reflect meaningful consideration of all the relevant and substantial evidence supporting Woldu's fear of future persecution claim. See Abdel-Masieh v. INS, 73 F.3d 579, 584-85 (5th Cir. 1996). Accordingly, the petition for review is GRANTED, the BIA's removal order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this opinion. This court does not, however, intimate what conclusion the BIA should reach on remand.

In light of the foregoing, Woldu's motion for a stay of removal is DENIED AS MOOT.