# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2012

Lyle W. Cayce
Clerk

No. 11-60498
Summary Calendar

PEDRO ANTONIO RUGAMA-ZAMORA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 814 479

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Pedro Antonio Rugama-Zamora, a native and citizen of Nicaragua, seeks review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) denial of his application for immigration relief. The BIA agreed with the IJ's determination that Rugama-Zamora was ineligible to apply for asylum and did not provide credible testimony to support his requests for immigration relief. It held that Rugama-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zamora had abandoned any challenge he might have made to the IJ's denial of his request for relief under the Convention Against Torture (CAT).

In his petition for review, Rugama-Zamora challenges the adverse credibility determination relied on by the BIA and IJ to deny his request for withholding of removal. He does not argue that the BIA or IJ erred in handling his requests for asylum and relief under the CAT. Accordingly, he has abandoned any challenges he might have raised regarding those decisions. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

We review an adverse credibility finding to determine whether it is supported by substantial evidence in the record. *Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994). We will defer to the finding "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).

In the instant case, the adverse credibility determination is supported by substantial evidence. There were inconsistencies in the record regarding Rugama-Zamora's claim that he was attacked by the Sandinistas in 2005 and regarding the alleged assassination of Rugama-Zamora's brother. The IJ and BIA reasonably rejected Rugama-Zamora's explanations for the discrepancies and Rugama-Zamora has pointed to nothing that compels a contrary conclusion. Based on a totality of the circumstances, Rugama-Zamora has not demonstrated that "no reasonable fact-finder could make . . . an adverse credibility ruling." *Wang,* 569 F.3d at 538 (internal quotation and citation omitted). Without credible testimony, the BIA and IJ had no basis on which to withhold deportation. *See Chun*, 40 F.3d at 79.

Rugama-Zamora's petition for review is DENIED.