**Ramon AMADOR–FLORES,** also known as **Roman Flores–Ortiz,** also known as **Roman Jacquez–Flores,** also known as **Roman Jacquez Flores,** Petitioner

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,** Respondent.

No. 12–60493
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 22, 2013.

Juan Roberto Gonzalez, Esq., San Antonio, TX, for Petitioner.

Aimee Joy Carmichael, Trial Attorney, Tangerlia Cox, Jane Tracey Schaffner, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM: *

Ramon Amador–Flores (Amador), a native and citizen of Mexico, seeks review of an order in which the Board of Immigration Appeals (BIA) affirmed the immigration judge's (IJ) denial of Amador's motion for a continuance and dismissed his appeal from the IJ's removal order. The IJ found that Amador was removable under 8 U.S.C. § 1182(6)(A)(i) as an alien who was present in the United States without being admitted or paroled, a finding that Amador has waived by failing to challenge it in his petition for review. *See Thuri v. Ashcroft,* 380 F.3d 788, 793 (5th Cir.2004).

Upon being found removable, Amador announced his intention to seek relief in the form of cancellation of removal for certain non-permanent residents under 8 U.S.C. § 1229b(b). Certain of Amador's prior criminal convictions precluded him from seeking such relief; however, Amador filed state habeas corpus applications in an attempt to invalidate those convictions. Amador's state habeas applications were based on *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), and sought relief on the ground that counsel in his criminal proceedings rendered ineffective assistance by failing to inform Amador about the harsh immigration consequences he faced by pleading guilty. The IJ twice continued the immigration proceedings based on Amador's contention that he was seeking to invalidate his prior convictions under *Padilla.*

---

The IJ denied Amador's third such motion, however. No § 1229b(b) application for cancellation of removal was never filed, and Amador has been removed to Mexico.

Amador argues that the denial of his request for a continuance for the purpose of pursuing his collateral attack on his aggravated-assault-with-a-deadly-weapon convictions pursuant to *Padilla* violated his due process rights. He maintains that the failure to grant continuances to aliens seeking to raise such collateral attacks on their convictions renders the ruling in *Padilla* meaningless because, in the absence of continuances, no aliens would have time to raise and litigate *Padilla*-based challenges to their convictions before they are removed from the United States. Thus, he contends, he was unlawfully deprived of all avenues of relief.

We have jurisdiction to review constitutional claims like that presented here by Amador. *See* 8 U.S.C. § 1252(a)(2)(D); *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 233–34 (5th Cir.2009). Amador's reliance on *Padilla*, however, is unavailing. A pending collateral attack on a conviction does not disturb the finality of the conviction for immigration purposes. *See Cabral v. Holder*, 632 F.3d 886, 890 (5th Cir.2011). Further, nothing in *Padilla* suggests that immigration proceedings must be stayed while a *Padilla*-type claim is being pursued in postconviction proceedings. *See Padilla*, 130 S.Ct. at 1475–87. Moreover, failing to grant a continuance in these circumstances does not cut off all avenues of relief as Amador could seek to have the BIA reopen his proceedings or reconsider the removal order in the event that he has his prior criminal convictions invalidated. *See* 8 C.F.R. § 1003.2(a). Accordingly,

Amador's PETITION FOR REVIEW is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.