# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60831
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2014

Lyle W. Cayce
Clerk

QUI CHEN, also known as Qiu Chen,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 904 111

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Qui Chen, a native and citizen of China, petitions for review of a decision by the Board of Immigration Appeals ("BIA") upholding a decision of the immigration judge ("IJ") finding him removable and denying his requested forms of relief. The IJ found that Chen was not credible and that he had therefore failed to establish his claim for asylum and statutory withholding of removal. The IJ determined that, even if Chen had been completely credible,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he had not established an entitlement to relief.  The IJ also concluded that Chen was not entitled to relief under the Convention Against Torture ("CAT").  The BIA agreed with the IJ's credibility determination, and it dismissed Chen's appeal.

Chen challenges the IJ's adverse credibility determination.  He also attacks the IJ's determination that he was not entitled to relief even if his testimony were deemed credible.  Because the BIA did not adopt the latter rationale for denying Chen's application, we need not consider his arguments in that regard.  *See Yang v. Holder*, 664 F.3d 580, 584 n.3 (5th Cir. 2011).

On a petition for review, we consider only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Here, because the BIA upheld the IJ's decision based on the latter's credibility determination, which it determined to be not clearly erroneous and dispositive, we may review the decisions of both the BIA and the IJ.  *See id.*; *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

An immigration court's findings of fact are reviewed for substantial evidence.  *Wang*, 569 F.3d at 536.  We may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537.  Among the findings of fact that we review for substantial evidence is the conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  It is the factfinder's duty to make determinations based on the credibility of witnesses, and we cannot substitute our judgment for that of the BIA or IJ with respect to factual findings based on credibility determinations.  *Chun v. I.N.S.*, 40 F.3d 76, 78 (5th Cir. 1994) (per curiam).    However, an adverse credibility determination still must be

supported "by specific and cogent reasons derived from the record." *Zhang*, 432 F.3d at 344.

Chen's contention that his lack of knowledge of the legal age for marriage is not central to his claim is unavailing, as the agency is permitted to make an adverse credibility determination "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Our review of the record shows that the BIA's determination that Chen gave conflicting testimony regarding his wedding date is supported by substantial evidence. Chen's testimony that he sustained a wrist fracture when beaten at a police station is in conflict with his statement in a credible fear interview that his bone was not broken. Further, to the extent that Chen testified that his child was seven to eight weeks old in certain photographs, the IJ's implicit determination that the child was older, and that Chen's testimony was therefore not credible, is supported by substantial evidence.

Finally, Chen argues that the IJ erred in determining that he was not credible with regard to his testimony about escaping from the police station. Even if we accept Chen's argument on this specific point, the totality of the circumstances does not compel a finding that Chen was credible, and accordingly we will not disturb the agency's overall adverse credibility determination. *See Wang*, 569 F.3d at 537-39.

Given the adverse credibility determination, Chen did not demonstrate that he was entitled to asylum or statutory withholding of removal. *See Zhang*, 432 F.3d at 345. Chen has not challenged the denial of his request for relief under the CAT. He has therefore abandoned that claim. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

In view of the foregoing, Chen's petition for review is DENIED.