Omar El Haj AHMAD, Petitioner

v.

Loretta LYNCH, U.S. Attorney General, Respondent.

No. 15–60149

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 11, 2016.

Paul Steven Zoltan, Esq., Dallas, TX, for Petitioner.

Catherine Bye, Esq., Trial Attorney, Tangerlia Cox, Michele Yvette Frances Sarko, Esq., U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM: *

Omar El Haj Ahmad, a native and citizen of Lebanon, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) affirming the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In affirming the immigration judge's (IJ) denial of relief, the BIA upheld the IJ's findings that Ahmad was not credible and failed to provide reasonably available corroborating evidence.

Ahmad contends that the adverse credibility determination was unfounded because it was premised on the fact that he

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gave additional and more detailed information in his testimony than he provided in his written asylum application. Ahmad also contends that the inconsistencies and omissions that the IJ found in Ahmad's testimony were insufficient to support a finding that he was not credible.

This court reviews the order of the BIA and will consider the underlying decision of the IJ to the extent it was relied upon by the BIA. *Theodros v. Gonzales,* 490 F.3d 396, 400 (5th Cir.2007). Here, the BIA's decision regarding asylum, withholding of removal, and CAT relief was based primarily on its affirmance of the IJ's adverse credibility finding. On review, this court will defer to a credibility ruling "unless, from the totality of the circumstances, it is plain that no reasonable fact finder could make such an adverse credibility ruling." *Wang v. Holder,* 569 F.3d 531, 538 (5th Cir.2009) (internal quotation marks and citation omitted). The IJ can rely on *any* inconsistency or omission in making an adverse credibility determination so long as the totality of the circumstances shows the asylum applicant is not credible. *Id.*

The differences between Ahmad's testimony and his written asylum application constituted inconsistences or omissions that could support an adverse credibility finding based on the totality of the circumstances. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); 8 U.S.C. § 1231(b)(3)(C); *Wang,* 569 F.3d at 538. Moreover, the aspects of Ahmad's story that the IJ found to be implausible and Ahmad's failure to provide sufficient corroborating evidence in support of his story could also support an adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (in making credibility determination, trier of fact to consider, among other things, the inherent plausibility of the applicant's account). The adverse credibility finding against Ahmad is supported by substantial evidence. Ah-

mad has failed to show on this record that no reasonable factfinder could disbelieve his testimony. *See Wang,* 569 F.3d at 538.

The BIA's factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Wang,* 569 F.3d at 537. In light of the adverse credibility finding against Ahmad, he has not shown that the BIA's denial of asylum was unsupported by substantial evidence. Because Ahmad's asylum claim fails, his withholding of removal claim must also fail. *See Efe v. Ashcroft,* 293 F.3d 899, 906 (5th Cir.2002).

Finally, Ahmad could have offered a separate challenge to the IJ's denial of his CAT application inasmuch as the IJ denied that claim for his failure to show a likelihood of future torture. Ahmad, however, does not raise this issue in his petition for review, and, therefore, he has waived review of his CAT claim. *See Thuri v. Ashcroft,* 380 F.3d 788, 793 (5th Cir.2004).

The petition for review is DENIED.