# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60481
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 20, 2016

Lyle W. Cayce
Clerk

NOE ELEAZAR ELIZONDO,

                    Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

                    Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 352 649

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Noe Eleazar Elizondo, a native and citizen of Mexico, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) decision denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA and IJ found that Elizondo was a member of a particular social group identified as "gay Mexican men with HIV." However,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60481

both the BIA and IJ found that Elizondo was not persecuted on account of his membership in that group and that there was no evidence he would be tortured with the acquiescence of the Mexican government if returned to Mexico.

Elizondo argues that the BIA and IJ erred in finding that he failed to show that he was persecuted on account of membership in a protected class or that the Mexican government was unable or unwilling to control the violence. He also asserts that the BIA and IJ erred in determining that he failed to show that it was more likely than not that he would be subjected to torture if returned to Mexico.

We "review only the BIA's decision, . . . unless the IJ's decision has some impact on" that decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo. *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011). Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to the petitioner's position. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

Though Elizondo testified that he suffered insults from persons based on his homosexuality, those comments do not qualify as persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). Elizondo's testimony regarding the robberies he suffered and the assault he experienced also do not show that he was persecuted on account of his membership in a particular social group. *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). Further, Elizondo did not report any incidents to the authorities, and there is no evidence in the record that the Mexican government is unable or unwilling to control the violence.

No. 15-60481

The BIA's and the IJ's decisions that Elizondo was not entitled to asylum because he failed to establish that he suffered past persecution by actors that the Mexican government was unwilling or unable to control and based on membership in a particular social group are supported by substantial evidence. *See Orellana-Monson*, 685 F.3d at 518. Because Elizondo fails to show that he is entitled to relief in the form of asylum, he cannot establish entitlement to withholding of removal, which requires a higher burden of proof. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). The record evidence does not show that it was more likely than not Elizondo would be tortured if returned to Mexico. *See Hakim v. Holder,* 628 F.3d 151, 155 (5th Cir. 2010).

Accordingly, Elizondo's petition for review is DENIED.