# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60151
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
February 23, 2017

Lyle W. Cayce
Clerk

MOHAMMED SHAHID UDDIN,

Petitioner

v.

JEFF SESSIONS, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 612 004

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mohammed Shahid Uddin, a citizen and native of Bangladesh, petitions this court for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from the immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) and final order of removal. In affirming the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60151

IJ's denial of relief, the BIA upheld the IJ's findings that Uddin was not credible and failed to provide reasonably available corroborating evidence.

Uddin argues that the IJ's and the BIA's adverse credibility finding was erroneous because it was based, at least in part, on inconsistencies that were rooted in Uddin's first of two asylum applications. He argues that his first asylum application should have been disregarded in favor of and substituted by his second application. He further argues that his first application contained a mistake, and that there is no evidence that his first application was read back to him in a language he understood. He argues that, while 8 C.F.R. § 208.3(c)(2) creates a presumption that he was aware of the contents of his first application, he sufficiently rebutted that presumption. Finally, he challenges the IJ's findings concerning the inconsistencies contained in the various witness statements that he submitted as evidence at his merits hearing.

This court reviews the order of the BIA and will consider the underlying decision of the IJ to the extent it was relied upon by the BIA. *Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007). On review, this court will defer to a credibility ruling "unless, from the totality of the circumstances, it is plain that no reasonable fact finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 438 (5th Cir. 2009) (internal quotation marks and citation omitted). The IJ can rely on *any* inconsistency or omission in making an adverse credibility determination so long as the totality of the circumstances shows the asylum applicant is not credible. *Id.*

The inconsistencies between and among Uddin's two asylum applications, his statements contained in the record of his credible fear interview, his testimony, and the witnesses statements he submitted as evidence constituted inconsistences that could support an adverse credibility

2

finding based on the totality of the circumstances. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); 8 U.S.C. § 1231(b)(3)(C); *Wang*, 569 F.3d at 538.

Uddin's argument that it was error for the IJ and the BIA to rely on his statements made in his first asylum application as a basis for an adverse credibility finding has no merit. First, there is no evidence in the record—and Uddin cites none—that the preparer of the first application made a mistake or that the contents of the first application were not read back to him in a language that he understood. Indeed, the only evidence in the record concerning this—the signature page of the first application—indicates that Uddin certified under penalty of perjury that the application was "true and correct," and the preparer certified that she had read the completed application to Uddin in a language that he understood. Second, and without holding that the presumption is in fact rebuttable, there is no merit to Uddin's argument that he sufficiently rebutted § 208.3(c)(2)'s "presumption that [he was] aware of the contents of the application." Uddin argues that the following testimony demonstrates that he rebutted the presumption: "Because I didn't know English, because if I want to say the whole story, I have to tell everything." Far from overcoming the fact of his own certification that his first application was true and correct and the preparer's certification that she had read the completed application to Uddin in a language that he understood, Uddin's testimony does not provide a sufficient basis for rebutting the presumption that he was aware of the contents of the first application.

Based on the foregoing, Uddin has failed to establish that the IJ or the BIA committed any error in relying, at least in part, on the statements he made in his first asylum application as a basis for making an adverse credibility finding. Further, the fact that he may have submitted a second asylum application did not provide a basis for the IJ to ignore the statements he made

in his first application and their effect on his credibility. *See* 8 U.S.C. 1158(b)(1)(B)(iii). Even were Uddin able to establish that he did not understand the contents of the first application and that it was error for the IJ to rely on its contents in making its adverse credibility finding, this contention alone does not explain or address the other inconsistencies relied upon by the IJ, as affirmed by the BIA.

As to Uddin's challenge to the IJ's findings concerning the inconsistencies contained in the various witness statements that he submitted as evidence at his merits hearing, the BIA is correct that Uddin failed to raise any such challenge with the BIA. As such, Uddin's challenge to those findings in this court, has been waived. *See* 8 U.S.C. § 1252(d)(1) ("court may review final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) (holding that a failure to exhaust an issue before the BIA is a jurisdictional bar to judicial review).

The BIA's factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Wang*, 569 F.3d at 537. In light of the adverse credibility finding against Uddin, he has not shown that the BIA's denial of asylum was unsupported by substantial evidence. Because Uddin's asylum claim fails, his withholding of removal claim must also fail. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, Uddin could have offered a separate challenge to the IJ's denial of his CAT application. Uddin, however, does not raise this issue in his petition for review, and, therefore, he has waived review of his CAT claim. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

The petition for review is DENIED.