# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60235
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2018

Lyle W. Cayce
Clerk

GUILLERMO ENRIQUE NAVARETTE-PEREZ; DOMINIT ENRIQUE NAVARETTE-BELTRAN,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 547 966
BIA No. A208 547 967

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Guillermo Enrique Navarette-Perez and his minor son, Dominit Enrique Navarette-Beltran, citizens and natives of El Salvador, have petitioned this court for review of the Board of Immigration Appeals' (BIA) order affirming the denial of asylum, withholding of removal, and protection under Convention Against Torture (CAT). We deny the petition.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60235

We find no error in the denial of asylum. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). To the extent Navarette-Perez asserts that he suffered past persecution and fears future persecution in El Salvador, he fails to show that "race, religion, nationality, membership in a particular social group, or political opinion was [or will be] . . . at least one central reason for persecuting [him]." 8 U.S.C. § 1158(b)(1)(B)(i). The social group in which he claims membership—individuals who work transporting goods on trucks in his home region—is based on employment, which, being mutable, "is not fundamental to [his] identity or conscience." *Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006). Nor, as Navarette-Perez describes it, does the asserted social group "exist independently of the [claimed] persecution." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 215 (BIA 2014). Moreover, the asserted persecutory acts consist of general criminal activity and economic extortion of truckers by Salvadoran gangs, neither of which qualifies as persecution for asylum purposes. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004); *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012). Finally, the record does not establish that the Salvadoran government is unable or unwilling to control the gangs in question. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

Because Navarette-Perez fails to establish his eligibility for asylum, his claim to withholding of removal necessarily fails as well because withholding of removal is a higher standard than asylum. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). Thus, there was no error in the BIA's denial of his request for withholding of removal. *See Lopez-Gomez*, 263 F.3d at 444.

Lastly, there was no error in the denial of protection under the CAT. *See id*. Navarette-Perez's contention that he will be subjected to torture upon return to El Salvador is wholly conclusory. *See Garrido-Morato v. Gonzales*,

No. 17-60235

485 F.3d 319, 322 n.1 (5th Cir. 2007). In any event, he fails to show that he risks being tortured by, or with the acquiescence or willful blindness of, Salvadoran government officials acting under color of law. *See* 8 C.F.R § 208.16(c)(2); *Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002).

PETITION FOR REVIEW DENIED.