# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-60408

————

CHANGFU LU,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2018

Lyle W. Cayce
Clerk

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 900 231

Before JONES, BARKSDALE, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Changfu Lu, a native and citizen of the People's Republic of China, and proceeding *pro se*, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Reviewing the BIA's factual conclusions for substantial evidence and questions of law *de novo*, we conclude that Lu has failed to make the required

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

showing.  *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  Substantial evidence supports the BIA's conclusion that Lu has not met his burden to show past persecution.  *See Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).  Lu's claims of a temporary, two-day detention; beatings for which he did not seek medical attention; and the closure of the family business fail to compel a conclusion that he suffered past persecution.  *See id.* at 537-39; *see also Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004).

As to Lu's fear of future persecution, the record in this case does not compel the conclusion that Lu will be singled out for persecution on account of a political opinion that was purportedly imputed to him by the local Chinese government after he twice protested an increase in fishing license fees.  *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013); *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005), *Thuri v. Ashcroft*, 380 F.3d 788, 792 (5th Cir. 2004).  Before he was arrested, Lu and his fellow protestors blocked the entrance to City Hall; people were unable to enter and exit the building as a result of the protest.  Only four of the 200 protestors were arrested, and Lu acknowledged that he was protesting an unreasonable increase in the fishing license fee.  Although Lu's disagreement was with a government entity, the evidence does not reflect that the disagreement had anything to do with a political opinion or that he was arrested for expressing a political opinion or for exposing corruption.  Our sister circuits disagree as to whether there is a distinction between an economic demand and a political opinion.  *See Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1119-20 (9th Cir. 2011); *Bu v. Gonzales*, 490 F.3d 424, 429-30 (6th Cir. 2007).  *But see Haichun Liu v. Holder*, 692 F.3d 848, 852 (7th Cir. 2012).  Here, the BIA's discussion relied in part on the Seventh Circuit's decision in *Liu*.  An economic demand is not political in nature merely because the challenged policy is a governmental one.  In *Bu* and

No. 17-60408

*Hu*, the claims hinged on allegations of corruption, which those courts held created a nexus between the economic demand and an imputed political opinion. Therefore, Lu cannot establish a sufficient nexus to impute a political opinion based on his economic protest.

Moreover, Lu has failed to establish a well-founded fear of future persecution based on the passage of 10 years since his arrest and detainment and the fact that he was not harmed or arrested in the months following his release even though police confronted him at his parent's home, due to his failure to report to police on more than one occasion during that time. *See Zhao*, 404 F.3d at 306.

Because Lu fails to demonstrate a well-founded fear of persecution for purposes of asylum, he also fails to satisfy the objective "clear probability" burden required to show eligibility for withholding of removal. *See Chen v. Gonzales*, 470 F.3d 1131, 1135-36, 1138 (5th Cir. 2006). Similarly, substantial evidence supports the conclusion that Lu has not shown that it is more likely than not that he will be tortured if he returns to China. *See* 8 C.F.R. § 208.16(c)(3); *Chen*, 470 F.3d at 1139.

The petition for review is **DENIED**.