# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2021

Lyle W. Cayce
Clerk

No. 19-60756

Motaleb Abdul,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 916 148

Before Clement, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:*

Motaleb Abdul, a native and citizen of Bangladesh, applied for asylum on the basis of political persecution under 8 U.S.C. § 1158. The immigration judge (the "IJ") denied his petition and the Board of Immigration Appeals (the "BIA") affirmed. For the reasons below, we DISMISS the petition for review in part and DENY it in part.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60756

## I.    Background

In 2018, Abdul entered the United States without inspection. Approximately two months later, the Department of Homeland Security commenced removal proceedings against Abdul by issuing a Notice to Appear.  In response to the Notice, Abdul sought relief from removal by applying for asylum.[1]  He claimed that he was persecuted for being a member of the Liberal Democratic Party (the "LDP"), an opposition political party in his home country, by the ruling Awami League party.

At the merits hearing, Abdul testified that he joined the LDP because, out of all the parties that came into his father's tea shop to discuss their activities, he appreciated the LDP's work the most.  As a general member, he attended LDP events, publicized the party in public places, and encouraged people to join.  According to Abdul, the Awami League threatened and attacked him—and only him—for being an LDP member because his father's tea shop was popular with political members and he was liked by many people in his neighborhood.

Two such incidents—involving the Awami League's alleged attempts to kill him—served as Abdul's main reasons for seeking asylum.  Both attacks occurred while Abdul was walking home alone from his father's tea shop after spending the earlier part of the day doing an activity for the LDP.  Abdul claimed that his attackers were Awami League members because they loitered in an area where many Awami League programs occurred and

---

[1] Abdul also applied for withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture under 8 C.F.R. § 1208.16(c).  The IJ denied Abdul's applications on both grounds, the BIA affirmed, and Abdul does not raise any errors of the BIA's or the IJ's decisions on these two claims on appeal.  Accordingly, we do not address them.  *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995) (noting that "the failure to provide any legal or factual analysis of an issue results in waiver of that issue").

various Awami League leaders frequented. Abdul further claimed that the Awami League president ordered the attacks because Abdul had rejected the president's request to leave LDP and join the Awami League. After the attacks, Abdul fled to his extended family's homes, and ultimately left Bangladesh after continuing to receive threats from anonymous people over the phone and in person.

Based on the evidence Abdul presented,[2] the IJ determined that Abdul's political membership could not be found to be the central reason for the attacks. Concluding that the evidence failed to establish a nexus between Abdul's political membership and the attacks he experienced, a requirement for asylum, the IJ denied Abdul's application. *See Thuri v. Ashcroft*, 380 F.3d 788, 792 (5th Cir. 2004) (per curiam) (noting that nexus is required for asylum eligibility).

Abdul appealed to the BIA, which dismissed his case. It concluded that the IJ did not err in determining that there was no nexus between Abdul's political membership and the attacks, as Abdul failed to meaningfully explain why he was the only LDP member attacked. Abdul timely petitioned for review of the BIA's nexus determination.

## II.    Standard of Review

We review the BIA's decision, considering the IJ's underlying decision to the extent that it had "some impact on" the BIA's determination. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We must affirm the BIA's decision "if there is no error of law and if reasonable, substantial, and

---

[2] In addition to his testimony, Abdul also submitted affidavits from other LDP members and family who all stated that Abdul's father owned a tea shop where lots of political party members met; that Abdul worked for the LDP; that Abdul was attacked (with one witnessing the aftermath of the attack); and that Abdul was not safe in Bangladesh due to the Awami League.

probative evidence on the record, considered as a whole, supports the decision's factual findings." *Thuri*, 380 F.3d at 791 (internal quotation marks and citation omitted). The findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)); *see also Garland v. Dai*, 141 S. Ct. 1669, 1678 (2021) ("The only question for judges reviewing the BIA's factual determinations is whether *any* reasonable adjudicator could have found as the agency did.").

### III. Discussion

Abdul makes two arguments regarding the BIA's nexus determination over which we have jurisdiction: (1) that the BIA erred by failing to identify an alternative motive for his attacks that would prevent him from seeking asylum protection; and (2) that there was substantial circumstantial evidence establishing a nexus.[3] Neither argument is persuasive.

First, Abdul erroneously places the burden of proof on the BIA. The responsibility to demonstrate the requisite nexus is on Abdul. *See Thuri*, 380 F.3d at 792 (requiring the alien to prove nexus). Thus, the BIA was not required to identify an alternative motive for Abdul's attack, and it did not err in concluding that there was insufficient evidence to establish that the attacks were centrally motivated by Abdul's political membership in the LDP.

Second, record evidence supports the BIA's decision. Although Abdul provided circumstantial evidence that could support a conclusion that

---

[3] Abdul also argues that the BIA engaged in impermissible factfinding, but we lack jurisdiction to address that issue, as Abdul failed to first raise it to the BIA in a motion for reconsideration. *See Omari v. Holder*, 562 F.3d 314, 319–20 (5th Cir. 2009). We accordingly dismiss that part of Abdul's petition.

his membership in LDP motivated the attacks, the evidence could also support the BIA's affirmation of the IJ's findings: as the BIA determined, the entire record lacked a meaningful explanation as to why Abdul was the only LDP member targeted. Where, as here, "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234–35 (5th Cir. 2009) (internal quotation marks and citation omitted); *see also Dai*, 141 S. Ct. at 1678 (recognizing that the BIA's factual findings are to be upheld if they qualify as "one of potentially many reasonable possibilities"). Abdul has thus failed to show that the circumstantial evidence he provided "compelled" a contrary conclusion. *Thuri*, 380 F.3d at 791 (internal quotation marks and citation omitted).

Accordingly, we DISMISS the petition in part and DENY it in part.