# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2022

Lyle W. Cayce
Clerk

No. 20-60752
Summary Calendar

---

Raul Ernest Garcia-De Paz; Henry Eduardo Garcia-De Paz,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. 206 775 129
BIA No. 206 775 156

---

Before King, Costa, and Ho, *Circuit Judges.*

Per Curiam:*

Raul Ernest Garcia-De Paz (Raul) and Henry Eduardo Garcia-De Paz (Henry), natives and citizens of El Salvador, are brothers who petition this

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60752

court for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal from the denial by an Immigration Judge (IJ) of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). They argue that the BIA erroneously determined that they had not established (1) past persecution or a well-founded fear of future persecution and (2) a nexus between the alleged persecution and their proposed family-based particular social group. They do not challenge, and thus have waived review of, the BIA's determination that they are ineligible for CAT relief. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

We review the BIA's decision and will also consider the IJ's ruling to the extent it affects the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review factual findings for substantial evidence and legal questions de novo. *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). Under the substantial evidence standard, reversal is improper unless this court concludes "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

Here, even if Raul and Henry could demonstrate that they experienced harm that rose to the level of persecution or have a well-founded fear of future persecution, they fail to establish that the evidence compels a finding that there was a requisite nexus between their family membership and the persecution they allegedly suffered in the past and fear they will suffer in the future. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Substantial evidence supports the BIA and IJ's finding that Raul and Henry were not persecuted by gang members on account of their membership in the Garcia-De Paz family, but instead were targeted for economic gain and recruitment. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002).

No. 20-60752

Without the required nexus, the petitioners' asylum claim fails. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349-50 (5th Cir. 2006). Because they did not establish entitlement to asylum, they cannot meet the standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Accordingly, the petition for review is DENIED.