# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2022

Lyle W. Cayce
Clerk

No. 20-60868
Summary Calendar

---

ELVIA DALILA CABRERA-ARDON; ANGEL ARISTIDES
CASTELLANOS-CABRERA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 758 135
BIA No. A205 758 134

---

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60868

Elvia Dalila Cabrera-Ardon and Angel Aristides Castellanos-Cabrera petition for review of the Board of Immigration Appeals's decision denying them asylum and withholding of removal. The petition is DENIED.

Cabrera-Ardon and her son Angel are natives and citizens of Honduras. They applied for asylum and withholding of removal based on past and future persecution due to Cabrera-Ardon's membership in a particular social group consisting of "Honduran female[s] that [were] in a relationship with a gang member." The immigration judge and the Board of Immigration Appeals ("BIA") concluded that this was not a cognizable "particular social group" under 8 U.S.C. § 1101(a)(42)(A) and therefore denied their application.

In their petition for review, the petitioners now abandon any argument related to the particular social group of "Honduran female[s] that [were] in a relationship with a gang member." Therefore, we need not consider whether such a particular social group could be cognizable. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (per curiam) (explaining that a claim is waived when it is not raised in the petition for review).

Instead, the petitioners argue that Cabrera-Ardon belonged to a different particular social group that was cognizable—"Honduran females." But the petitioners did not make this argument to the BIA. Therefore, they failed to exhaust their administrative remedies and this court is deprived of jurisdiction to consider the argument. *Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020); *Omari v. Holder*, 562 F.3d 314, 317 (5th Cir. 2009).

Because we lack jurisdiction to consider the petitioners' presented argument and they have abandoned all others, the petition for review is DENIED.