# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2022

Lyle W. Cayce
Clerk

No. 21-60964
Summary Calendar

—————

Teodoro Salgado Ramirez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

—————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A070 598 901

—————

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Teodoro Salgado Ramirez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal and affirming the immigration judge's ("IJ") denial of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60964

withholding of removal and protection under the Convention Against Torture ("CAT").

Salgado Ramirez argues the BIA erred in affirming the IJ's finding that he was ineligible for withholding of removal because he had failed to show the requisite nexus between the harm he feared in Mexico and his family-based particular social group ("PSG"). He also argues that the BIA erred in affirming the IJ's denial of CAT relief.

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed *de novo*. *Id*. at 517-18.

The Government argues that, given Salgado Ramirez's prior conviction for a controlled substance offense, this court lacks jurisdiction to consider any of his factual challenges to the denial of withholding of removal. *See* 8 U.S.C. § 1252(a)(2)(C). Salgado Ramirez maintains he has raised a "valid question of law" regarding whether the BIA applied the wrong legal standard to the nexus element of his claim for withholding of removal; therefore, this court has jurisdiction over his petition under 8 U.S.C. § 1252(a)(2)(D).

First, he argues the legal standard for showing a nexus "is more relaxed" for withholding of removal than it is for asylum, and that the BIA erred in applying the more stringent "one central reason" standard. He acknowledges, however, that this court has already rejected this argument in *Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022).

Next, Salgado Ramirez argues that his credible testimony established that his membership in a PSG consisting of his family was "one central reason" for the persecution he fears in Mexico. This argument is a challenge to the factual findings of the IJ and the BIA, which this court lacks jurisdiction to consider under Section 1252(a)(2)(C) given Salgado Ramirez's prior controlled substance offense. *See Pierre-Paul v. Barr*, 930 F.3d 684, 694 (5th Cir. 2019) (stating that nexus "is a factual question reviewed under the substantial evidence standard"), *abrogated on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479-80 (2021); *Thuri v. Ashcroft*, 380 F.3d 788, 791 (5th Cir. 2004) (same).

Finally, Salgado Ramirez argues the BIA erred in affirming the IJ's nexus analysis, because the IJ erroneously stated: "there's nothing to show that [Salgado Ramirez's] uncle was killed for one of the five" statutorily protected grounds. Because his claimed error raises a question of law, it is reviewable despite his prior criminal conviction. *See* § 1252(a)(2)(D). Nonetheless, a review of other portions of the IJ's decision prior to the incorrect statement reveals the IJ understood the necessity of a nexus and simply found that none existed in Salgado Ramirez's case. Therefore, Salgado Ramirez's claim of legal error fails. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002).

Salgado Ramirez also argues that the BIA erred in adopting the IJ's denial of CAT protection. According to Salgado Ramirez, he faces a likelihood of torture in Mexico given his credible testimony that his uncle was killed by a Mexican police officer, as well as the country conditions evidence showing the police in Mexico are corrupt and that government efforts to address corruption have largely been ineffective.

The Supreme Court has held that Section 1252(a)(2)(C) does not bar review of factual challenges to orders denying CAT protection. *Nasrallah v.*

*Barr*, 140 S. Ct. 1683, 1688 (2020). This court's review, however, "is highly deferential." *Id.* at 1692.

Though the country conditions evidence describes instances of police corruption and brutality, on balance, it does not compel the conclusion that Salgado Ramirez would "more likely than not" be tortured if removed to Mexico. *See* 8 C.F.R. § 1208.16(c)(2); *see also Chen v. Gonzalez*, 470 F.3d 1131, 1142-43 (5th Cir. 2006). Further, the BIA reasonably considered the remoteness in time of his uncle's murder and that Salgado Ramirez had never been harmed or threatened in Mexico when it concluded he had not shown eligibility for CAT relief. *See Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002).

The petition for review is DISMISSED in part and DENIED in part.