**Denis Alexis DIAZ-VILLANUEVA, Petitioner**

v.

**Jefferson B. SESSIONS, III, U. S. Attorney General, Respondent**

**No. 15-60676 Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed March 20, 2017

Gino Mario Mesa, Esq., Law Office of Gino M. Mesa, Houston, TX, for Petitioner

Maarja Tiganik Luhtaru, Trial Attorney, John Beadle Holt, Esq., Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON: *

Denis Alexis Diaz-Villanueva petitions for review of an order from the Board of Immigration Appeals affirming an immigration judge's denial of his applications for asylum and withholding of removal. On

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal, Diaz-Villanueva argues that he sufficiently established eligibility for asylum.[1]

Because the BIA agreed with the findings and conclusions of the IJ, we review both decisions. *Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). We review an immigration court's findings of fact, including factual conclusions that a person is ineligible for asylum, for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537.

The Attorney General may grant asylum to people who are outside of their country and unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of"—relevant here—"membership in a particular social group[.]" 8 U.S.C. § 1101(a)(42)(A); *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). A "particular social group" is one in which (1) members "share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences"; (2) "the group's shared characteristic gives the members the requisite social visibility to make them readily identifiable in society"; and (3) "the group can be defined with sufficient particularity to delimit its membership." *Id.* at 518-19 (quotations, citations, and emphasis omitted); *In re M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014).

Diaz-Villanueva identifies his particular social group as "individuals [who fear] returning to their home country because of violence and gangs" or "individuals who have been repeatedly targeted to join an organization that is opposed to the Honduran schools." This court has previously rejected proposed social groups identified by fear of gangs or gang recruitment as "exceedingly broad [and] too amorphous." *Orellana-Monson*, 685 F.3d at 521-22. Diaz-Villanueva offers no evidence or legal authority beyond conclusory statements to show that his proposed particular social group satisfies the requirements for asylum. The BIA's determination that he failed to show a well-founded fear of persecution because of membership in a particular social group was therefore supported by substantial evidence.

We DENY the petition for review.

---

1. Although Diaz-Villanueva originally sought both asylum and withholding of removal determinations from the IJ and the BIA, he neglected to address withholding of removal in his brief on appeal. Diaz Villanueva has therefore waived or abandoned any argument that he is entitled to withholding of removal by failing to brief it. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).