# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60303
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2018

Lyle W. Cayce
Clerk

CECILIA YANIRA CHAVEZ-LOPEZ, also known as Cecilia Yaniera Chavez-Lopez,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 895 824

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Cecilia Yanira Chavez-Lopez, a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal of the denial of her applications for asylum and withholding of removal by an immigration judge (IJ). Chavez-Lopez argues that (1) the IJ and BIA should have applied a mixed motive standard because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

membership in a particular social group need not be the sole reason for her persecution and (2) there was not substantial evidence to support the finding that she was being persecuted due to a personal dispute.

Generally, we have authority to review only the decision of the BIA but will consider the IJ's decision if it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Because the BIA agreed with the IJ's findings and conclusions, the IJ's findings are reviewable. *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010). We review findings of fact for substantial evidence, and we review rulings of law de novo. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Zhu*, 493 F.3d at 594.

Contrary to Chavez-Lopez's assertion that the IJ and BIA applied the wrong legal standard to her claims for asylum and withholding of removal, the record reveals that the IJ at least implicitly considered the mixed motive test and explicitly concluded that Chavez-Lopez's membership in a particular social group was not a central reason for her persecution. Moreover, such claims will fail if the persecution is based on a purely personal motive and there is no nexus to a recognized ground. *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). Substantial record evidence supports the IJ's and the BIA's conclusion that Chavez-Lopez's persecution was the result of a personal business dispute. *See id.* at 792-93. Chavez-Lopez has not demonstrated that the evidence compels reversal of the BIA's finding that she was not entitled to asylum or withholding of removal. *See Chen v. Gonzales*, 470 F.3d 1131, 1134-38 (5th Cir. 2006).

Accordingly, her petition for review is DENIED.