# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60198
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2019

Lyle W. Cayce
Clerk

ROXI ARACELY AREVALO-VELASQUEZ; ALMA DANIELA RIVERA-AREVALO; ROXI GARMELI RIVERA-AREVALO,

Petitioners

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 753 722
BIA No. A208 753 723
BIA No. A208 753 724

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Roxi Aracely Arevalo-Velasquez, on behalf of herself and her two minor daughters, seeks review of the dismissal by the Board of Immigration Appeals (BIA) of their appeal from the denial of their applications for asylum, withholding of removal and protection under the Convention Against Torture

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60198

(CAT).  (By failing to brief any issues related to her claims for withholding of removal or CAT relief, Arevalo has waived or abandoned them.  *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).)

Arevalo asserts she has established entitlement to relief from removal based on her partner's acts of domestic violence in her native country of Honduras.  In that regard, the BIA's findings of fact, including whether an alien is eligible for asylum, are reviewed for substantial evidence.  *Zhang v. Gonzales*, 432 F.3d 339, 343–44 (5th Cir. 2005).  "Under substantial evidence review, this court may not reverse the BIA's factual findings unless the evidence compels it."  *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009) (citations omitted).

To prevail on a claim of past or future persecution, an alien must establish, *inter alia*, that she suffered, or will suffer, persecution at the hands of the "government or forces that a government is unable or unwilling to control".  *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (citation omitted); *Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 1992).

Arevalo asserts the BIA erred as a matter of law in affirming the IJ's determination that she failed to establish eligibility for asylum by not demonstrating Honduran government officials were unwilling or unable to protect her from past or future harm.  She contends an applicant is not required to report her abuse to establish the government is unable or unwilling to control her abuser, where available country conditions show few women make such reports "because the judicial procedure is skewed against them" citing *In re S-A-*, 22 I. & N. Dec. 1328, 1332–33 (BIA 2000).

Arevalo testified:  she went to a town two hours away from where she lived and the abuse occurred; told a police sergeant about the abuse; was told to make a formal complaint and/or seek a protective order; and did neither because she was afraid.

2

No. 18-60198

The BIA did not require Arevalo to make a formal complaint or seek a protective order as an element of her asylum claim.  As provided in its decision, her failure to do so was merely a factor it considered among the applicable facts in determining whether she had established persecution at the hands of "government officials . . . unwilling or unable to protect her" in the past or in the future.  *See Tesfamichael*, 469 F.3d at 113 (citation omitted); *see also Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017) ("Whether a victim has reported or attempted to report violence or abuse to the authorities is a factor that may be considered, as is credible testimony or documentary evidence explaining why a victim did not report.").

Along that line, in *In re S-A-*, 22 I. & N. Dec. at 1332–33, the BIA did not establish a rule that an applicant is required to report her abuse to establish the government is unable or unwilling to control her abuser.  Unlike the factual circumstances in *In re S-A-*, there is no evidence in the record to show Arevalo would have been "compelled to return to her domestic situation and her circumstances may well have worsened".  *Id.* at 1335 (citations omitted).

Arevalo's subjective belief that it would have been futile to report the abuse to authorities, based on her testimony that the police can be bribed and because her partner had connections in the government, is not sufficient to compel a conclusion that the Honduran government was unable or unwilling to protect her from her former domestic partner.  *See Tesfamichael*, 469 F.3d at 113; *Adebisi*, 952 F.2d at 913–14.

DENIED.

3