# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2020

No. 19-60144
Summary Calendar

Lyle W. Cayce
Clerk

ADRIAN RANGEL-BETANCOURT,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 672 721

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Adrian Rangel-Betancourt seeks review of the Board of Immigration Appeal's (BIA) dismissal of his appeal from an immigration judge's (IJ) denial of his claims for withholding of removal and relief under the Convention Against Torture (CAT). He contends: the immigration court lacked jurisdiction because the notice to appear (NTA) he received was deficient; and the BIA erred in denying his motion to remand.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-60144

Rangel is a native and citizen of Mexico who admitted being removable based on his having entered the United States without authorization.  The IJ denied his requests for withholding of removal and relief under the CAT.

In his appeal to the BIA, Rangel challenged the denial of his withholding-of-removal and CAT claims.  He also moved:  for the termination of his removal proceedings, asserting the immigration court lacked jurisdiction in the light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because his NTA failed to specify the time and place of his initial removal hearing; or, alternatively, for remand to the IJ to consider, in the light of *Pereira*, his claim (not made to the IJ) for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(A) ("The Attorney General may cancel removal of . . . an alien who . . . has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [the cancellation-of-removal] application[.]").  (The Department of Homeland Security treated the motion to remand as a motion to reopen.)  The BIA agreed with the IJ's ruling on Rangel's withholding-of-removal and CAT claims.  In addition, it distinguished *Pereira* and, therefore, denied his motion to terminate or remand.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), our court reviews legal conclusions *de novo* and factual findings for substantial evidence.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012) (citations omitted).  The determinations an alien is ineligible for withholding of removal and for CAT relief are factual findings.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted).  On substantial-evidence review, such factual findings will not be disturbed "unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it".  *Orellana-Monson*, 685 F.3d at 518 (emphasis in original) (internal quotation marks and citation omitted).  In that

regard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* (internal quotation marks and citation omitted).

When reviewing the denial of a motion to reopen removal proceedings, however, this court applies "a highly deferential abuse-of-discretion standard". *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005) (citation omitted).  In that regard, we will affirm the BIA "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach".  *Id.* at 304 (citation omitted).

In his petition to our court, Rangel does not address the denial of his withholding-of-removal and CAT claims.  He has, therefore, waived review of those rulings.  *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (citations omitted).

Regarding Rangel's motion to terminate, the BIA was correct in determining his assertion the immigration court lacked jurisdiction, due to a deficient NTA, lacked merit.  As our court has determined, a deficient NTA does not deprive the immigration court of jurisdiction.  *See Pierre-Paul v. Barr*, 930 F.3d 684, 691–93 (5th Cir. 2019) (citations omitted), *cert. denied*, 2020 WL 1978950 (U.S. 27 Apr. 2020).

As for Rangel's alternative request for a remand, he contends the BIA: did not consider his request for remand based on *Pereira*; should not have construed the motion to remand as a motion to reopen; and should not have reviewed the motion using the standard applicable to motions to reopen.

We need not address these specific contentions because any error in the BIA's analysis was harmless.  Although our court "may usually only affirm the BIA on the basis of its stated rationale", even "a reversible error in the BIA's

analysis" may be disregarded "where there is no realistic possibility that, absent the errors", the BIA's conclusion would have been different. *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010) (citations omitted). Put another way, an error is harmless if petitioner would not be eligible for his requested relief even if the error had not been made. *See Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690 (5th Cir. 2009).

Crucial to Rangel's underlying claim for cancellation of removal is his contention that, in the light of *Pereira*, he satisfies 8 U.S.C. § 1229b(b)(1)(A)'s requiring his having "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his cancellation-of-removal] application". As relevant for this petition, *Pereira* held an NTA's failing to specify the date and place of a removal hearing does not trigger the stop-time rule, which stops time from continuing to accumulate for the purpose of calculating a relevant period of continuous presence. 138 S. Ct. at 2113–14 (citation omitted).

Our court has since held, however: "a defective [NTA] may be cured with a subsequent notice of hearing" containing this information. *Pierre-Paul*, 930 F.3d at 690. Further, our court has held "the stop-time rule is triggered when an alien receives notice of all the information required[,] . . . whether that takes place in one or more communications". *Yanez-Pena v. Barr*, 952 F.3d 239, 245 (5th Cir. 2020), *petition for cert. filed*, 88 U.S.L.W. 3367 (U.S. 6 April 2020) (No. 19-1208). In other words, "where a [NTA] does not specify the time and place of an alien's initial removal hearing, the subsequent service of a notice of hearing containing that information 'perfects' the deficient notice to appear, satisfies the notice requirements[,] . . . and triggers the 'stop-time' rule". *Id.* at 246 (omission in original) (citing *Matter of Mendoza-Hernandez*, 27 I. & N. Dec. 520, 535 (B.I.A. 2019)).

No. 19-60144

Rangel asserted in his cancellation-of-removal application that he had resided in the United States since September 2001. Although Rangel's initial NTA did not state the date and time for his removal hearing, the information necessary to satisfy the notice requirement was subsequently provided in a notice of hearing dated 8 September 2010. The time between Rangel's admitted arrival date and his being provided a proper notice of hearing triggering the stop-time rule, therefore, was less than the 10 years required to establish eligibility for cancellation of removal under § 1229b(b)(1)(A). Consequently, even if the BIA erred in its characterization, review, or denial of Rangel's remand request, any error was harmless because Rangel is not eligible for the relief he sought on remand. *See Cantu-Delgadillo*, 584 F.3d at 690.

DENIED.