# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2021

Lyle W. Cayce
Clerk

No. 20-60733
Summary Calendar

SANTOS TEOFILO ESCOBAR-CASTRO,

*Petitioner*,

*versus*

ROBERT M. WILKINSON, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 293 046

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Santos Teofilo Escobar-Castro, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the immigration judge (IJ) denying asylum, withholding of removal, and protection under the Convention

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Against Torture (CAT).  He contends that he is entitled to asylum based on the past persecution he suffered on account of his membership in a particular social group, as well as his fear of future persecution on account of such particular social group membership, and he argues that the IJ and the BIA erred in denying his asylum claim.

We review factual findings for substantial evidence, and legal questions are reviewed de novo.  *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011).  Among the findings of fact reviewed for substantial evidence is the conclusion that an alien is not eligible for asylum or withholding of removal.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Escobar-Castro challenges the IJ's determination that the harm he experienced at the hands of MS gang members, which included robbery and extortion, was not severe enough to qualify as past persecution.  We review only the BIA's decision, "unless the IJ's decision has some impact on" that decision.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Here, because the BIA did not adopt the IJ's determination regarding the severity of the past harm, we agree with the Attorney General that this part of the IJ's decision is not before this court, and therefore we need not consider Escobar Castro's contentions on the issue.  *See id.*

Although the Attorney General is correct that the particular social group discussed in Escobar-Castro's brief is not identical to the particular social group he proposed during agency proceedings, under the circumstances of this case we do not agree with the Attorney General's contention that Escobar-Castro has abandoned his claims or that he has failed to exhaust his administrative remedies.  However, as discussed below, we will not disturb the denial of Escobar-Castro's claims.

In denying Escobar-Castro's claims for asylum and withholding of removal, the BIA affirmed the IJ's determination that Escobar-Castro failed

No. 20-60733

to establish a nexus between the past harm he experienced and the future harm he fears, and a protected ground. The BIA explained that the record showed that the harm Escobar-Castro had experienced in the past, and that he feared in the future, related to general conditions of crime and gang violence, rather than membership in a particular social group. This determination is supported by substantial evidence, and it is consistent with decisions in which we have held that economic extortion and conduct driven by purely personal or criminal motives do not constitute persecution on account of a protected ground. *See, e.g.*, *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (noting that the gang's desire to extort the alien's family was irrelevant to the persecution analysis); *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014) ("This court does not recognize economic extortion as a form of persecution under immigration law."); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002) (holding that the requisite nexus was not shown where persecutors' motive was private economic gain). Therefore, Escobar-Castro's challenge to the denial of asylum fails.

Because Escobar-Castro has failed to brief any issues related to his claims for withholding of removal or CAT relief, he has waived or abandoned these claims. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

The petition for review is DENIED.