# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2021

Lyle W. Cayce
Clerk

No. 19-60698
Summary Calendar

Yasmany Jorge Borges Alfonso,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 734 323

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Yasmany Jorge Borges Alfonso, a native and citizen of Cuba, petitions for review of a decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ) adverse credibility finding and dismissing his appeal from the IJ's denial of his application for asylum, withholding of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removal, and relief under the Convention Against Torture (CAT). Borges makes three claims: the BIA violated his due-process rights; it improperly found him not credible, adversely affecting his asylum and withholding-of-removal claims; and it and the IJ improperly concluded his CAT claim was meritless.

Borges claims the BIA violated his due-process rights because it rejected his claim that the IJ violated those rights in: failing to grant a continuance and consider evidence he submitted; and prejudicially misinterpreting his testimony. The claim fails because Borges has not made a *prima facie* showing that the asserted due-process violation affected the outcome of the proceedings. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020) (alien must make *prima facie* showing of asserted due-process violation affecting outcome of proceedings).

Regarding Borges' claim that the BIA and IJ should have found him credible, factual findings, including credibility determinations, are reviewed for substantial evidence; questions of law, *de novo*. *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009) (applying substantial evidence standard of review for factual findings based on credibility determinations); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

In the light of the BIA's adopting two of the inconsistencies found by the IJ, the record does not compel our determining Borges was credible, notwithstanding his alternative explanations for the inconsistences. *See Wang*, 569 F.3d at 536–37 ("Under substantial evidence review, this court may not reverse the BIA's factual findings unless the evidence compels it."). Given the adverse credibility finding, we reach the merits of Borges' asylum and withholding-of-removal claims "only to the extent that other evidence was presented to support those claims". *Suate-Orellana v. Barr*, 979 F.3d 1056, 1061–62 (5th Cir. 2020). After considering the evidence identified in

Borges' counseled brief, we conclude the BIA's decision was supported by substantial evidence.

Finally, by failing to meaningfully challenge the BIA's reasons for dismissing his appeal from the denial of CAT relief, Borges has abandoned that claim. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) ("[Petitioner] has waived her claim for relief under [CAT] by failing to raise it in her petition for review.").

DENIED.