# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2022

Lyle W. Cayce
Clerk

No. 20-60454
Summary Calendar

Itzamar Salto Ortiz; Alexa M. Dominguez Salto,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 077 341
BIA No. A213 077 342

---

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Itzamar Salto Ortiz and her derivative beneficiary, Alexa M. Dominguez Salto, are natives and citizens of Mexico. They petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60454

their appeal of the denial by an Immigration Judge (IJ) of their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). They argue that the cognizability of her proposed particular social group (PSG), namely family members of Salto Ortiz's husband, had to be resolved before determining whether they showed a nexus between the alleged persecution and the PSG. They do not challenge, and have thus waived review of, the BIA's conclusion that they are ineligible for CAT relief. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

We review the BIA's decision and will also consider the IJ's ruling to the extent it affects the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review factual findings for substantial evidence and legal questions de novo. *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). Under substantial evidence review, reversal is improper unless we conclude "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

We disagree with the petitioners' assertion that the cognizability of Salto Ortiz's proposed family-based PSG had to be resolved before addressing the nexus issue. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 268-69 (5th Cir. 2021), *petition for cert. filed* (U.S. Oct. 27, 2021) (No. 21-632) (upholding lack-of-nexus finding notwithstanding the BIA's failure to first address whether a nuclear family constituted a PSG). Substantial evidence supports the BIA's finding that Salto Ortiz had not been and would not be persecuted on account of her membership in her husband's family. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002); *Thuri*, 380 F.3d at 793.

Accordingly, the petition for review is DENIED.