# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2022

Lyle W. Cayce
Clerk

No. 21-60037
Summary Calendar

Lilian Teresa Hernandez-Ramos; Edwin Joel Garcia-Hernandez; Michael Josue Dubon-Hernandez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 280 378
Agency No. A208 280 379
Agency No. A208 280 380

---

Before King, Costa, and Ho, *Circuit Judge*.

Per Curiam:[*]

Lilian Teresa Hernandez-Ramos, Edwin Joel Garcia-Hernandez, and Michael Josue Dubon-Hernandez, natives and citizens of Honduras, petition

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60037

for review of the Board of Immigration Appeals's (BIA) decision dismissing their appeal from an order of the Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  The petitioners sought relief based on membership in a particular social group (PSG) comprised of family members of Elvin Adonai Avila Estrada, a cousin who was in the military and murdered while delivering ballots for an election.[1]

Hernandez-Ramos testified that she did not know who shot her during an armed robbery or who was responsible for murdering Elvin.  Thus, her assertion that she was targeted due to her family relationship to Elvin is based on nothing more than speculation.  As such, she fails to show that substantial evidence compels a conclusion contrary to that of the BIA on the issue of whether she demonstrated past persecution on account of her family-based PSG.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004).  Additionally, Hernandez-Ramos was never threatened or harmed during the two and half years she lived in Honduras following the armed robbery incident.  Moreover, her parents, grandfather, three siblings, aunts, and uncles, including the parents of Elvin, currently live in Honduras without issue.  Thus, Hernandez-Ramos has failed to show that substantial evidence compels a conclusion contrary to that of the BIA on the issue of whether she demonstrated a well-founded fear of future persecution.  *See Zhang*, 432 F.3d at 344; 8 C.F.R. § 1208.13(b)(2)(ii).  The BIA therefore correctly denied her requests for asylum and withholding of removal.  *See Zhang*, 432 F.3d at 344; *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

---

[1] Edwin and Michael are Hernandez-Ramos's sons and are included as derivative beneficiaries in her asylum application.

No. 21-60037

Lastly, Hernandez-Ramos abandons her CAT claim by failing to raise the claim on appeal. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Accordingly, the petition for review is DENIED.