# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2022

Lyle W. Cayce
Clerk

No. 20-60135
Summary Calendar

———

Ana Dilia Velasquez De Flores; Juan Jose Flores
Fuentes; Ana Lidia Flores-Velasquez; Diana Elizabeth
Flores-Velasquez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 423 871
Agency No. A209 423 872
Agency No. A209 423 873
Agency No. A209 423 874

———

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:

Petitioners Ana Dilia Velasquez De Flores, Juan Jose Flores Fuentes, Ana Lidia Flores-Velasquez, and Diana Elizabeth Flores-Velasquez are natives and citizens of El Salvador. They petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal from the

No. 20-60135

immigration judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Petitioners contend that the BIA erred in holding that they had failed to establish that their membership in a particular social group was or will be "at least one central reason" for their claimed persecution. They explain, that, among other things, they were persecuted because of their membership in particular social groups: (1) families who witness a murder committed by gang members and who thereafter are identified and targeted by those gang members and (2) immediate family members of the Flores-Velasquez family. Petitioners further contend that the BIA erred in upholding the IJ's conclusion that they were ineligible for CAT protection because they had failed to prove that it was more likely than not that they would be tortured if returned to El Salvador.

We review the BIA's factual findings for substantial evidence, and we will not reverse such findings unless the petitioners show that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009). The factual conclusions that we review for substantial evidence include an alien's eligibility for asylum, withholding of removal, and CAT relief. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

The BIA's determination that the petitioners failed to establish that their asserted membership in a particular social group was a central reason for any persecution is consistent with this court's precedent and is supported by substantial evidence. *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004); *Zhang*, 432 F.3d at 344. The asylum claims of Velazquez De Flores and her family fail without the required nexus. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). They cannot meet the higher standard for withholding of removal because they did not establish

No. 20-60135

entitlement to asylum. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

Petitioners likewise have not adduced evidence of a Salvadoran public official's acquiescence or willful blindness to torture that is "so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537. Petitioners' challenge to the denial of CAT relief is unavailing. *See Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010).

The petition for review is DENIED.