# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2022

Lyle W. Cayce
Clerk

No. 21-60438
Summary Calendar

BIANKA PAOLA LOPEZ-PINEDA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 366 696

Before JOLLY, JONES, and HO, *Circuit Judges.*

PER CURIAM:*

Bianka Paola Lopez-Pineda, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision of the immigration judge (IJ) concluding that she was ineligible for asylum, withholding of removal, and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

relief under the Convention Against Torture (CAT). Lopez-Pineda contends that the evidence shows that her membership in four particular social groups (PSGs) comprised of "Honduran women," "Honduran women in a domestic relationship who are unable to leave," "Honduran women who report their domestic victimization to law enforcement," and "Honduran female survivors of sexual victimization" was at least one central reason for her persecution. An asylum applicant has the burden to establish a nexus between the alleged persecution and membership in a PSG. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019).

In this case, substantial evidence supports the BIA's finding that Lopez-Pineda's persecutor was motivated to harm her, not by virtue of her being a member in her four proposed PSGs, but rather by personal interest and private criminality. Accordingly, she has failed to demonstrate that a reasonable factfinder would be compelled to conclude that her membership in either of her four proposed PSGs was one central reason for any persecution suffered or feared. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004).

We lack jurisdiction when a petitioner "alleg[es] some new defect that the BIA never had a chance to consider" without first moving the BIA for reconsideration. *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022). Therefore, we dismiss for lack of jurisdiction Lopez-Pineda's argument that she is not raising a new PSG but that "status as an inferior participant in a domestic relationship with a male abuser in a country that sanctions acts of gender-based harm and persecution" is a means of referring to her four PSGs collectively. *See id.*

Because Lopez-Pineda fails to show that she is entitled to relief in the form of asylum, she cannot establish entitlement to withholding of removal,

which requires a higher burden of proof.  *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).  Furthermore, we have rejected the argument that a relaxed nexus standard applies to withholding claims.  *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022).

Finally, Lopez-Pineda's challenge to the denial of CAT relief fails, as the evidence is insufficient to compel a conclusion that a public official would acquiesce in her torture if she were removed to Honduras.  *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228-29 (5th Cir. 2019); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006).

Accordingly, the petition is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.