# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2022

Lyle W. Cayce
Clerk

No. 22-60006
Summary Calendar

Yolany Marisela Aguilar; Guivelly Herrera-Aguilar;
Kritza Yuliana Herrera-Aguilar; Valeria Montserrat
Rubio-Aguilar,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 479 211
No. A206 479 212
No. A206 479 213
No. A206 479 214

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60006

Yolany Marisela Aguilar, a native and citizen of Honduras, and her children, Guivelly Herrera-Aguilar, Kritza Yuliana Herrera-Aguilar, and Valeria Montserrat Rubio-Aguilar, petition for review of a decision by the Board of Immigration Appeals (BIA) dismissing their appeal of the immigration judge's (IJ) denial of their applications for asylum and withholding of removal. Because the children are riders on their mother's applications, we will hereinafter refer only to Marisela Aguilar.

We review the BIA's decision and will consider the IJ's underlying decision only if it impacted the BIA's decision, as it did here. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact, including the factual determination that an applicant is not eligible for asylum or withholding of removal, are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, we may not reverse a factual finding unless the evidence "compels" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* Whether we have jurisdiction is reviewed de novo. *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).

Marisela Aguilar argues that the immigration court lacked jurisdiction over her removal because the notice to appear she received did not have the date and time. We have expressly rejected the claim that the immigration court lacks jurisdiction under these circumstances. *See Garcia v. Garland*, 28 F.4th 644, 646-48 (5th Cir. 2022).

Next, she argues that the BIA erred in concluding that she was not persecuted on account of membership in her proposed particular social group (PSG) of "family of Alfredo Rodomiro Herrera Peralta" but was instead engaged in a property dispute with her deceased partner's brother over the proceeds of his estate. Marisela Aguilar testified that after her partner,

Alfredo, was murdered, Alfredo's brother, Roberto, threatened her for staying in the house where she lived with Alfredo because he wanted the house for himself, as well as for her seeking Alfredo's property in court.

Conduct driven by purely personal or criminal motives does not constitute persecution on account of a protected ground. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002) (holding that the requisite nexus was not shown where persecutors' motive was private economic gain); *see also Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019) ("Persecution motivated by a personal vendetta or desire for revenge is not persecution 'on account of' a protected ground."). Accordingly, substantial evidence supports the BIA's holding that Marisela Aguilar failed to establish the requisite nexus between her alleged persecution and her proposed PSG. Marisela Aguilar waived her argument regarding her second PSG of "Honduran females" because she failed to argue it in her opening brief. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).

The petition for review on behalf of Marisela Aguilar and her children is DENIED.